IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,337-01






EX PARTE JASON LAMONT BONNER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1997-33-C2A IN THE 54TH JUDICIAL DISTRICT COURT


FROM MCLENNAN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to thirty years' imprisonment. The Tenth Court of Appeals affirmed his
conviction. Bonner v. State, No. 10-98-046-CR (Tex. App. - Waco, December 23, 1998 (pet. ref'd)). 

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to subpoena records showing that the money allegedly taken in the robbery was not from the
complainant's paycheck, but was money obtained by dealing drugs. Applicant also alleges that
counsel improperly elicited evidence of a prior conviction from Applicant, when the evidence could
not have been introduced by the State because it was not included on the State's notice of intent to
introduce extraneous offense evidence. Finally, Applicant alleges that counsel failed to object when
the State introduced evidence during the punishment phase of trial which had not been included in
the State's notice of intent to introduce extraneous offense evidence.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the record with copies of the defense's pre-trial request
for notice of the State's intent to introduce extraneous offense evidence during both phases of trial,
and the State's response to such request. The trial court shall make findings of fact as to whether
the complainant testified at trial that Applicant and his co-defendant took $400 from him during the
robbery, and whether he testified that all $400 came from his paycheck. If so, the trial court shall
make findings as to whether trial counsel tried to show that the money taken in the robbery was
proceeds from dealing drugs, and whether counsel obtained or introduced evidence regarding the
amount of the complainant's paycheck. The trial court shall make findings as to whether defense
counsel requested pre-trial notice of the State's intent to introduce extraneous offense evidence, both
at guilt/ innocence and at punishment. The trial court shall make findings as to whether Applicant's
prior conviction for delivery of a controlled substance was included in the State's notice, and if not,
whether evidence of this particular conviction would have been admissible to impeach Applicant
during the guilt/ innocence phase. The trial court shall make findings as to whether the State
introduced evidence of additional extraneous offenses not included in the notice during the
punishment stage, and if so, whether such evidence would have been excluded had counsel made a
timely objection. The trial court shall make findings as to whether the performance of Applicant's
trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 16, 2011

Do not publish